1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com


Attorney for Plaintiff: JAMES RUTHERFORD


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TACOS MEXICO, INC., a California corporation; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No**. <br> **Complaint For Damages And Injunctive Relief For:** <br><br> 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** <br><br> 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.** |

Plaintiff, JAMES RUTHERFORD, an individual, ("Plaintiff"), complains of Defendant TACOS MEXICO, INC., a California corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES**

1.     Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting; in addition to twisting, turning and grasping objects.  As a result of these disabilities,

1

1    Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.

2    With such disabilities, Plaintiff qualifies as a member of a protected class under the

3    Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA

4    Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations

5    implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of

6    Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff

7    suffered from a "qualified disability" under the ADA, including those set forth in

8    this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

9         2.     Plaintiff is informed and believes and thereon alleges that Defendant

10   TACOS MEXICO, INC., a California corporation, owned the property located at

11   205 W Base Line St., San Bernardino, CA 92410 ("Property") on or around June 10,

12   2020.

13        3.     Plaintiff is informed and believes and thereon alleges that TACOS

14   MEXICO, INC., a California corporation, owns the Property currently.

15        4.     Plaintiff does not know the true name of Defendant, its business

16   capacity, its ownership connection to the Property serving Taco's Mexico

17   ("Business"), or its relative responsibilities in causing the access violations herein

18   complained of.  Plaintiff is informed and believes that each of the Defendants herein,

19   including Does 1 through 10, inclusive, is responsible in some capacity for the

20   events herein alleged, or is a necessary party for obtaining appropriate relief.

21   Plaintiff will seek leave to amend when the true names, capacities, connections, and

22   responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

23   **JURISDICTION AND VENUE**

24        5.     This Court has subject matter jurisdiction over this action pursuant

25   to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

26        6.     This court has supplemental jurisdiction over Plaintiff's non-federal

27   claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act,

28   California Civil Code § 51 *et seq*., ("UCRA") claims are so related to Plaintiff's

1   federal ADA claims in that they have the same nucleus of operative facts and

2   arising out of the same transactions, they form part of the same case or controversy

3   under Article III of the United States Constitution.

4       7.      Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

5   real property which is the subject of this action is located in this district and because

6   Plaintiff's causes of action arose in this district.

7                       **FACTUAL ALLEGATIONS**

8       8.      Plaintiff went to the Business on or about June 10, 2020 for the dual

9   purpose of purchasing menu items and to confirm that this public place of

10  accommodation is accessible to persons with disabilities within the meaning federal

11  and state law.

12      9.      The Business is a facility open to the public, a place of public

13  accommodation, and a business establishment.

14      10.     Parking spaces are one of the facilities, privileges, and advantages

15  reserved by Defendants to persons at the Property serving the Business.

16      11.     Unfortunately, although parking spaces were one of the facilities

17  reserved for patrons, there were no designated parking spaces available for persons

18  with disabilities that complied with the 2010 Americans with Disabilities Act

19  Accessibility Guidelines ("ADAAG") on June 10, 2020.

20      12.     At that time, instead of having architectural barrier free facilities for

21  patrons with disabilities, Defendants have: no ADASAD compliant accessible or van

22  accessible parking signage in violation of Section 502.6; one of the accessible

23  parking spaces has a portion with a slope exceeding 7% where 502.4 prohibit slopes

24  excessive of 1:48; nothing to prevent parked vehicles from obstructing the accessible

25  route from the parking area to the entrance. (Parking spaces and access aisles shall

26  be designed so that cars and vans, when parked, cannot obstruct the required clear

27  width of adjacent accessible routes per Section 502.7. Advisory 502.7- Relationship

28  to Accessible Routes: Wheel stops are an effective way to prevent vehicle overhangs

from reducing the clear width of accessible route); several portions of the pavement surface in the access aisle are cracked, pock marked and crumbling (floor and ground surfaces shall be stable, firm, and slip resistant per 302. Advisory 302.1 General A: stable surface is one that remains unchanged by contaminants or applied force, so that when the contaminant or force is removed, the surface returns to its original condition. A firm surface resists deformation by either indentations or particles moving on its surface. A slip-resistant surface provides sufficient frictional counterforce to the forces exerted in walking to permit safe ambulation); noncompliant cross slopes (Cross slope of ramp runs shall not be steeper than 1:48 per 405.3); and, no accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street).

13.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

14.     Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to June 10, 2020.

15.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

16.     Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

17.     The conditions identified *supra* in paragraph 12 are necessarily related

to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible route to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance.

18.    As an individual with a mobility disability who at times relies upon a wheelchair or other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19.    Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

20.    Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

21.    As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

22.    The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23.    The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of

1  Justice as presumably readily achievable to remove and, in fact, these barriers are

2  readily achievable to remove.  Moreover, there are numerous alternative

3  accommodations that could be made to provide a greater level of access if complete

4  removal were not achievable.

5         24.    Given the obvious and blatant violation alleged hereinabove, Plaintiff

6  alleges, on information and belief, that there are other violations and barriers in the

7  site that relate to his disability.  Plaintiff will amend the complaint, to provide proper

8  notice regarding the scope of this lawsuit, once he conducts a site inspection.

9  However, the Defendants are on notice that the Plaintiff seeks to have all barriers

10  related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)

11  (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to

12  have all barriers that relate to his disability removed regardless of whether he

13  personally encountered them).

14         25.    Without injunctive relief, Plaintiff will continue to be unable to fully

15  access Defendants' facilities in violation of Plaintiff's rights under the ADA.

16  **FIRST CAUSE OF ACTION**

17  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

18  **42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008**

19  **(P.L. 110-325)**

20         26.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged

21  above and each and every other paragraph in this Complaint necessary or helpful to

22  state this cause of action as though fully set forth herein.

23         27.    Under the ADA, it is an act of discrimination to fail to ensure that the

24  privileges, advantages, accommodations, facilities, goods, and services of any place

25  of public accommodation are offered on a full and equal basis by anyone who owns,

26  leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

27  Discrimination is defined, inter alia, as follows:

28         a.    A failure to make reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford

goods, services, facilities, privileges, advantages, or

accommodations to individuals with disabilities, unless the

accommodation would work a fundamental alteration of those

services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.    A failure to remove architectural barriers where such removal is

readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

Appendix "D".

c.    A failure to make alterations in such a manner that, to the

maximum extent feasible, the altered portions of the facility are

readily accessible to and usable by individuals with disabilities,

including individuals who use wheelchairs, or to ensure that, to

the maximum extent feasible, the path of travel to the altered area

and the bathrooms, telephones, and drinking fountains serving

the area, are readily accessible to and usable by individuals with

disabilities.  42 U.S.C. § 12183(a)(2).

28.    Any business that provides parking spaces must provide accessible

parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles

shall be at the same level as the parking spaces they serve.  Changes in level are not

permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in

all directions to provide a surface for wheelchair transfer to and from vehicles." 2010

Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the

designated disabled parking space is a violation of the law and excess slope angle in

the access pathway is a violation of the law.

29.    A public accommodation must maintain in operable working condition

those features of its facilities and equipment that are required to be readily accessible

to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

COMPLAINT

30.     Here, the failure to ensure that accessible facilities were available and
ready to be used by Plaintiff is a violation of law.

31.     Given its location and options, Plaintiff will continue to desire to
patronize the Business but he has been and will continue to be discriminated against
due to lack of accessible facilities and, therefore, seeks injunctive relief to remove
the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

32.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged
above and each and every other paragraph in this Complaint necessary or helpful to
state this cause of action as though fully set forth herein.

33.     California Civil Code § 51 *et seq.* guarantees equal access for people
with disabilities to the accommodations, advantages, facilities, privileges, and
services of all business establishments of any kind whatsoever.  Defendants are
systematically violating the UCRA, Civil Code § 51 *et seq.*

34.     Because Defendants violate Plaintiff's rights under the ADA,
Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f),
52(a).)   These violations are ongoing.

35.     Plaintiff is informed and believes and thereon alleges that Defendants'
actions constitute discrimination against Plaintiff on the basis of a disability, in
violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been
previously put on actual or constructive notice that the Business is inaccessible to
Plaintiff.  Despite this knowledge, Defendants maintain its premises in an
inaccessible form, and Defendants have failed to take actions to correct these
barriers.

////

////

////

8
COMPLAINT

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016); and,

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: June 30, 2020              **MANNING LAW, APC**

                                  By: /s/ Joseph R. Manning Jr., Esq.
                                      Joseph R. Manning Jr., Esq.
                                      Attorney for Plaintiff

COMPLAINT